UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDA ROSE, et al..,

             Plaintiffs,                        Case Number 01-10337-BC

v.                                              Honorable David M. Lawson

SAGINAW COUNTY, SAGINAW COUNTY
SHERIFF'S DEPARTMENT, MUNICIPAL
GOVERNMENTAL ENTITIES, CHARLES
BROWN and OFFICERS JOHN DOE and
JANE DOE,

             Defendants.
_____/

## ORDER DENYING MOTION FOR SUBSTITUTION OF PARTY

On February 9, 2006, a statement of the fact of death was filed, indicating plaintiff Donna Quarles has passed away. Donna Quarles' mother, Lizzie Quarles, seeks to substitute herself in her daughter's place. Federal Rule of Civil Procedure 25 allows the court to substitute "the proper parties" where death of a party does not extinguish the claim. Fed. R. Civ. P. 25(a)(1). As the defendants note, a section 1983 claim is not extinguished by death. *See Robertson v. Wegmann*, 436 U.S. 584, 588 (1978); Mich. Comp. Laws § 600.2921. However, the movant has not established that Lizzie Quarles qualifies as a proper party. The capacity of an individual to sue is "determined by the law of the individual's domicile." Fed. R. Civ. P. 17(b). In Michigan, a claim for damages resulting from injury survives the death of the injured person, *see* Mich. Comp. Laws. § 600.2921, but such claims may only be brought "by, and in the name of, the personal representative of the estate of the deceased person." Mich. Comp. Laws § 600.2922(2). Until Lizzie Quarles can show that she has been named a personal representative of her daughter's estate, the Court is unable to grant the motion. *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995) (finding that son of

plaintiff "was unable to move to substitute himself as plaintiff until . . . he became [his father's] personal representative").  *See also Diehl v. United States*, 438 F.2d 705, 710-11 (5th Cir. 1971) (holding that substitute must be valid successor in interest under state law).

Accordingly, it is **ORDERED** that the motion for substitution of party [dkt # 218] is **DENIED without prejudice.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 23, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS